UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randall White, #54521-004, | ) C/A No.: 6:12-865-MBS-KFM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Kimberly Paschal, Assistant Chief U.S. Probation Officer; Dickie Brunson, Chief Probation Officer; Agencies, | ) |
| Defendant(s). | ) |

Plaintiff Randall White is a federal prisoner proceeding *pro se.* He is currently incarcerated at FCI-Miami and files this *Bivens*[1] action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

Plaintiff asks the court to correct his pre-sentence report pursuant to the "Privacy Act of §552a(e)&9g)(1) and the safeguards of Rule 32" because it has been used to increase his custody and security classification level, and also his base offense level (ECF No. 1, Compl. at 1-2).[2] Plaintiff alleges he was convicted of one count of conspiracy to

---

[1]The undersigned is treating this as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983; federal officials cannot be sued under 42 U.S.C. § 1983 and other civil rights statutes because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982).

[2]Plaintiff, who is seeking to challenge his custody and security classification level at FCI- Miami, appears to be challenging the conditions of his confinement. Plaintiff also

distribute and possess with the intent to distribute cocaine, and one count of possession with intent to distribute cocaine. *Id*. at 2.

## **BACKGROUND**

A review of the criminal matter[3] shows Plaintiff filed a Notice of Appeal (NOA) in the criminal case on January 21, 1999, from the final judgement and sentence, which were entered on January 19, 1999 (ECF No. 129). A review of the docket reveals that Plaintiff received 400 months on each count to be served concurrently with 10 years supervised release (ECF No. 131).

The Fourth Circuit Court of Appeals affirmed Plaintiff's convictions and sentences on February 3, 2000 (ECF No. 169).[4] He filed a motion to vacate, set aside, or correct his sentence under Section 2255 on February 8, 2001.[5] His motion was dismissed on August 6, 2002 (ECF No. 11). He appealed the dismissal on August 26, 2002 (ECF No. 13). The Fourth Circuit dismissed his appeal (ECF No. 16) and denied his certificate of appealability

---

seeks to change his base offense level; however, this relief may only be obtained in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). The undersigned is treating this pleading as one filed pursuant to *Bivens*, which is analogous to a claim under 42 U.S.C.§ 1983. It may be judicially noticed that the Plaintiff has a pending Section 2255 motion in this Court. A Court may take judicial notice of its own books and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970)(the court may take judicial notice of its own records).

[3] *See White v. USA*, Criminal Action No. 6:98-293 (D.S.C. 1998).

[4] *See United States v. White*, 203 F.3d 824 (4th Cir. 2000)(unpublished).

[5] *See* Civil Action No. 6:01-382-24.

(COA) (ECF No. 18).[6] On June 5, 2003, he moved for relief from judgement (ECF No. 19), which was denied on August 15, 2003 (ECF No. 21).

Over three years later, on November 29, 2006, Plaintiff filed a *pro se* motion in his criminal case to reopen (ECF No. 206).[7] After a response and a reply to the response, the court denied his motion, without prejudice, on June 11, 2007 (ECF No. 221). On July 2, 2007, he filed a *pro se* motion for COA (ECF No. 222) and Notice of Appeal (ECF No. 223). On November 26, 2007, the Fourth Circuit dismissed his appeal (ECF No. 231). Almost a year later, the court found his motion for COA moot (ECF No. 236). On December 22, 2008, he filed a second motion to reopen his Section 2255 motion (ECF No. 238), which was denied on November 2, 2009 (ECF No. 239). He then filed a motion to modify, alter, or correct (ECF No. 241) the order entered on November 2, 2009 (ECF No. 239), which was denied on June 12, 2011 (ECF No. 243). On November 28, 2011 he filed a "motion challenging jurisdiction to judgement rendered" (ECF No. 245). He also filed still another motion to vacate under Section 2255 on March 26, 2012 (ECF No. 246). These last two motions are still pending in the criminal case before the assigned District Court Judge.

In the above-captioned civil matter, Plaintiff states that the sentencing court overruled his objections to the pre-sentence report (PSR) in violation of Federal Rule of Criminal Procedure 32 (ECF No. 1, Compl. at 2). He also alleges that the quantity of drugs he was charged with was not proved to a jury beyond a reasonable doubt, relying on *U.S. v. Carr*, 5 F.3d 986, 995 (6th Circuit. 1993). *Id*. at 3. Plaintiff states that the cocaine he

---

[6] *See United States v. White*, 54 Fed.Appx. 151 (4th Cir. 2002)(unpublished).

[7] Some of the motions filed in the criminal case were also filed in Civil Action No. 6:01-382-24.

allegedly sold to Jerome Hail (seven kilograms) was not part of the same conspiracy, but was used to increase his base offense level and his custody and security classification level. *Id*. Plaintiff claims that his case focused on "distribution through the South Carolina operation, while the alleged drugs from Jerome Hail [were] allegedly ... purchased in Florida," and they are, therefore, not part of the same "course of conduct." *Id*. at 4. Plaintiff maintains he was given "an additional undeserved 10 years of incarceration," as a result of the alleged errors. *Id*. at 5.

Plaintiff also argues that his sentence was erroneously enhanced because a gun was found in his Florida residence, even though no drugs or drug paraphernalia were found, and even though "[n]o evidence was presented that the gun found in his residence was connected with the offense of the conspiracy in South Carolina." *Id*. at 6.

Plaintiff alleges that "the Probation Department and the Government willfully or intentionally failed to maintain Plaintiff's records in the PSR [in] accordance with §(e)(5) and (g)(1)(c) of the Privacy Act." *Id*. He asks that his sentence be vacated and that he be re-sentenced in accordance with the arguments he sets out in his pleading. *Id*. at 7.

## STANDARD OF REVIEW

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 975 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Plaintiff alleges that information in his PSR regarding unrelated drugs affected his base offense level, and evidence of a gun resulted in an enhanced sentence. It is well established that a defendant has a due process right not to be sentenced on the basis of information that is materially false and that that right is protected by affording the defendant notice of and an opportunity to respond to information on which the court intends to rely in imposing sentence. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948).

It is also well established that, subject to that protection, the judge's discretion in sentencing is "largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker*, 404 U.S. 443, 446 (1972). Thus,

"[h]earsay information may unquestionably be used in the discretion of a sentencing judge and given such weight as appears in his discretion to be merited. Such information does not violate due process requirements." *See Williams v. New York*, 337 U.S. 241, 250–51 (1949) (sentencing courts' "age-old practice of seeking information from out-of-court sources to guide their judgment toward a more enlightened and just sentence" does not violate due process). Therefore, the mere presence of hearsay information in a PSR does not constitute a denial of due process. The defendant is afforded due process protection against sentencing on the basis of misinformation through his opportunity to challenge before the court any statement in the report that he contends is inaccurate. Probation officers, who are required by law to include in the report all relevant data collected in their investigation, cannot be enjoined to omit any such information.

Plaintiff's complaint also alleges that the PSR in his criminal case has been "used" to increase his custody and security classification level. Presumably such "use" is by the Federal Bureau of Prisons (FBOP). Because Plaintiff is a federal prisoner, the Fifth Amendment applies in determining his due process claim. Due process questions are examined in two steps. First, it must be determined whether the government has interfered with a liberty or property interest. Second, if the government has interfered with such an interest, it must be determined whether the procedures that led to the deprivation were constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459 (1989) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972)) (applying 14th Amendment); *See also Hewitt v. Helms*, 459 U.S. 460 (1983). In making this inquiry, case law under 42 U.S.C. § 1983 is applicable to *Bivens* actions. *See Butz v. Economou*, 438 U.S. 478, 504.

As an initial matter, it must be determined if Plaintiff has a liberty interest in a particular custody or security classification level. It is well settled that prisoners are not entitled to any particular custody classification. *See Bell v. Wolfish*, 441 U.S. 520 (1979)(stating that "[p]rison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security"). The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement ... is within the sentence imposed ... And is not otherwise violative of the Constitution." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir.1994). *See also Hinton v. Federal Bureau of Prisons*, No. 5:08-cv-01012, 2009 WL 3347158 (S.D.W.Va. 2009)("[l]iberty interests for prisoners are 'limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life[,]'") (citing *Sandin v. Connor*, 515 U.S. 472 (1995)).

Furthermore, even if Plaintiff could establish that he has a liberty interest in his custody and security classification level, he has failed to name any individual employed by the FBOP who is responsible for the alleged custody or security classification level errors. Accordingly, there is no defendant here against whom relief could be granted.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

s/ Kevin F. McDonald
United States Magistrate Judge

April 24, 2012
Greenville, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).